# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Julio Armando Laurean-Ayala, | No. CV-25-04425-PHX-KML (JFM) |
| Petitioner, | **ORDER** |
| v. | |
| Kristi Noem, et al., | |
| Respondents. | |

Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1.) This case presents the recurring issue whether a particular individual is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Central District of California recently certified a class that may include petitioner. *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403, at *1 (C.D. Cal. Nov. 25, 2025). That court had issued an earlier decision—consistent with dozens of other district courts including this one—concluding individuals in petitioner's position are not subject to mandatory detention. *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3289861, at *11 (C.D. Cal. Nov. 20, 2025); *Capote v. Secretary of U.S. Dep't of Homeland Sec.*, 2025 WL 3089756, *5 nn.3-4 (E.D. Mich. 2025) (noting that "[o]nly two of at least 36 district courts to have addressed this issue have held that § 1225(b)(2) applies to those in the same circumstances as Petitioner" and canvassing the relevant cases).

Respondents must show cause why the petition should not be granted.[1] In doing so

---

[1] Petitioner also filed an expedited motion for temporary restraining order/preliminary injunction. (Doc. 2.) Because the court is directing respondents to show cause why the

respondents must state whether petitioner is a class member under the definition found in *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403, at *1 (C.D. Cal. Nov. 25, 2025). If petitioner is a class member, respondents must state whether they are obligated to provide him a bond hearing based on the *Bautista* orders or if an additional order from this court would be required to entitle petitioner to a bond hearing.

**IT IS THEREFORE ORDERED:**

(1) Petitioner's expedited motion for temporary restraining order/preliminary injunction (Doc. 2) is **denied without prejudice**.

(2) Counsel for petitioner must immediately serve the petition upon respondents.

(3) If not already issued, the clerk's office must issue any properly completed summonses.

(4) The clerk of court must immediately transmit by email a copy of this order and the petition to the United States Attorney for the District of Arizona, to the attention of Katherine Branch at katherine.branch@usdoj.gov, Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, and Theo Nickerson at Theo.Nickerson2@usdoj.gov.

(5) Respondents must show cause no later than **December 9, 2025** why the petition should not be granted. Petitioner may file a reply no later than **December 11, 2025**.

Dated this 3rd day of December, 2025.

Honorable Krissa M. Lanham
United States District Judge

---

petition should not be granted, the court finds petitioner is not entitled to preliminary relief at this juncture. The motion will therefore be denied without prejudice.